# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:15-CR-63-LJO-SKO-1 |
| Plaintiff-Respondent, | |
| v. | **ORDER DENYING PETITIONER'S § 2255 MOTION** |
| JAVIER LAMADRID | ECF No. 30 |
| Defendant-Petitioner. | |

Before the Court is Petitioner Javier Lamadrid's ("Petitioner" or "Lamadrid") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on September 20, 2016. ECF No. 30. The Government filed its opposition on January 3, 2017 (ECF No. 32), and Petitioner filed a reply on February 8, 2017 (ECF No. 35). Following the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Government filed a supplemental opposition, arguing therein that Petitioner waived his right to collaterally attack his sentence and that Petitioner's challenge is no longer cognizable on collateral attack in light of *Beckles*. ECF No. 36. Having considered the parties' briefing and the record in this case, the Court DENIES Petitioner's motion.

1

# BACKGROUND

On September 21, 2015, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), pursuant to an agreement under Federal Rule of Criminal Procedure 11(c), as charged in Count 1 of a single-count Indictment. ECF No. 18. In the Pre-Sentence Investigation Report ("PSR"), pursuant to section 2K2.1(a)(3) of the United States Sentencing Guidelines ("Guidelines" or "USSG"), the United State Probation Office determined that Petitioner qualified for a sentencing enhancement because he committed the instant offense subsequent to sustaining a felony conviction for a "crime of violence" – a 2010 conviction for inflicting corporal injury on a spouse/cohabitant, in violation of section 273.5 of the California Penal Code ("CPC"). PSR ¶¶ 11, 23; ECF No. 30 at 13. With the enhancement, Petitioner's base offense level was set at 22. *Id.* ¶ 11. Pursuant to USSG § 2K2.1(b)(4)(A), because the firearm was stolen, two points were added. *Id.* ¶ 12. Three points were subtracted for acceptance of responsibility. *Id.* ¶¶ 19-20. Therefore, Petitioner's total offense level was determined to be 21, with a criminal history category of III, bringing the applicable Guidelines range to 46-57 months. *Id.* at 17. On December 14, 2015, this Court sentenced Petitioner to a 46-month term of imprisonment. ECF Nos. 24 & 26.

# LEGAL FRAMEWORK

**A. 28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

[1] that the sentence was imposed in violation of the Constitution or laws of the United States; or [2] that the court was without jurisdiction to impose such sentence; or

[3] that the sentence was in excess of the maximum authorized by law; or

[4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental

defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

**B.   *Johnson*, *Welch*, and *Beckles***

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015).

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

3

The Supreme Court subsequently held that its decision in *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). "By striking down the residual clause for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the [Act] punishes." *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. *See, e.g.*, *United States v. Heflin*, 195 F. Supp. 3d 1134 (E.D. Cal. 2016).

However, most recently, the Supreme Court held that *Johnson* does not apply to challenges based upon the Guidelines, because the Guidelines "merely guide the district court's discretion" and because "[t]he advisory Guidelines … do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Beckles v. United States*, 137 S. Ct. 886, 874 (2017). Therefore, notwithstanding the fact that the Guidelines formerly contained a residual clause virtually identical to what *Johnson* held to be unconstitutionally vague, the Guidelines may not form the foundation of a vagueness challenge under § 2255. *See United States v. Bacon*, ___ Fed. Appx. ___, 2017 WL 2333975 (9th Cir. May 30, 2017).

## DISCUSSION

In his motion, Petitioner challenges his sentence on the basis that the calculation of his offense level pursuant to the Guidelines incorporated the same definition of a "crime of violence" that the Supreme Court determined was unconstitutionally vague in the context of the ACCA in *Johnson*.[1] ECF No. 30 at 31. Specifically, he contends that his sentence must be vacated because his CPC § 273.5 conviction no longer qualifies as a "crime of violence" after *Johnson*, and therefore, that his base offense level should have been 20 rather than 22. *Id.* at 28-29; USSG § 2K2.1(a)(4) (setting the base

---

[1] At the time of Petitioner's sentencing, the Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2) (2015).

4

offense level at 20 if the offense involved a semiautomatic firearm capable of accepting a large capacity mgazine). Applying the three-point reduction for acceptance of responsibility that Petitioner received, the corresponding Guidelines range for an offense level of 20 with a criminal history category of III is 41-51 months. *See* USSG, Chap. 5, Part A. Petitioner additionally contends that he was denied his Sixth Amendment right to the effective assistance because his trial counsel failed to raise this issue before he was sentenced. ECF No. 30 at 36-39.

The foundation of Petitioner's motion is essentially premised "upon the argument that the [*Johnson*] holding—that the ACCA's residual clause is unconstitutionally vague—applies equally to the Guidelines." *See United States v. Brown*, Case No. 1:12-CR-0357-AWI, 2017 WL 2021525, at *3 (E.D. Cal. May 12, 2017). However, in *Beckles*, the Supreme Court resolved this argument against Petitioner, holding that the Guidelines are not subject to vagueness challenges. 137 S. Ct. at 874. Therefore, because the sole basis upon which Petitioner challenged his sentence under § 2255 has been foreclosed by the Supreme Court, the Court finds that Petitioner's sentence was properly imposed.

As such, the Court necessarily rejects Petitioner's ineffective assistance of counsel claim because he fails to make the requisite showing under *Strickland v. Washington*, 466 U.S. 668 (1987) that "counsel's representation fell below an objective standard of reasonableness" and that he suffered prejudice. *See Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To demonstrate prejudice, Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Because the Supreme Court has held that the sentences based upon the Guidelines cannot be challenged on vagueness grounds, Petitioner cannot show that the result of his proceedings would have been different even if trial counsel had raised this futile argument before he was sentenced. *See Lafler*, 566 U.S. at 162.

For these reasons, the Court **DENIES** Petitioner's § 2255 motion.[2]

---

[2] Accordingly, the Court need not address the Government's remaining argument regarding waiver.

**CONCLUSION AND ORDERS**

Based on the foregoing, **IT IS HEREBY ORDERED** that Petitioner Javier Lamadrid's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 30) is **DENIED**.

Furthermore, because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE**.


IT IS SO ORDERED.

    Dated: __**June 22, 2017**__           _____/s/ Lawrence J. O'Neill_____
                                                         UNITED STATES CHIEF DISTRICT JUDGE